**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                                          101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER                                      BALTIMORE, MARYLAND 21201
UNITED STATES DISTRICT JUDGE                                          (410) 962-7780
                                                                               Fax (410) 962-1812

March 31, 2023

**LETTER TO ALL PARTIES**

RE:      *Raynard M. v. Commissioner, Social Security Administration*
            Civil No. 22-2039-SAG

Dear Plaintiff and Counsel:

On August 15, 2022, Plaintiff, proceeding *pro se*, filed a complaint in this Court against the Social Security Administration ("SSA" or "Defendant") challenging the SSA's denial of benefits.  ECF 1.  The SSA filed the Notice of Filing of Official Transcript of Proceedings and Schedule on October 13, 2022.  ECF 5.  Plaintiff's deadline to submit a motion for summary judgment was December 12, 2022, as reflected on the docket entry.  *Id.*  Counsel for the SSA certified that Plaintiff was mailed a copy of the schedule, including the December 12, 2022, deadline, on October 13, 2022.  ECF 6.  Magistrate Judge Hurson[1] issued an order on October 25, 2022, directing Plaintiff to file a written response explaining the SSA's error(s) or, "[a]t a minimum," to "indicate that [he] intend[s] to proceed with [his] complaint."  ECF 7, at 1.  Judge Hurson advised Plaintiff that if he did not do so by December 12, 2022, his complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  *Id.*  To date, Plaintiff has not responded to Judge Hurson's Order.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Before doing so, however, the Court should consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)).  "The factors supply a guideline rather than a 'rigid four-prong test.'"  *Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at *1 (D. Md. May 4, 2021).

Considering these factors here, dismissal for lack of prosecution is appropriate.  Plaintiff, as a *pro se* litigant, is personally responsible for prosecuting his case.  Though *pro se* plaintiffs are afforded some leeway, "they as well as other litigants are subject to the time requirements and

---

[1] This case was initially assigned to Magistrate Judge Hurson pursuant to Standing Order 2021-12.  ECF 2.  Plaintiff was instructed to file a consent or declination to proceed before a U.S. Magistrate Judge by September 14, 2022.  *Id.*  To date, Plaintiff has failed to file a declination or consent.

*Raynard M. v. Commissioner, Social Security Administration*
Civil No. 22-2039-SAG
March 31, 2023
Page 2

respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Additionally, Plaintiff's failure to prosecute his case causes Defendant prejudice. Defendant has no notice of the basis for Plaintiff's appeal, thereby preventing Defendant from mounting a defense. Finally, other sanctions less drastic than dismissal would be of little effect here, as Plaintiff has failed to meet the low bar of giving the Court any "indicat[ion] that [he] intend[s] to proceed with [his] complaint." ECF 7, at 1. Plaintiff was advised of the December 12, 2022, deadline in writing well in advance. Over three months after the deadline and five months after Judge Hurson's warning that failure to prosecute his case could result in dismissal, Plaintiff has failed to file any motion, brief, or otherwise communicate with the Court. Though there is no evidence of a history of dilatory actions by Plaintiff, the other factors counsel in favor of dismissal.

For the foregoing reasons, this action is hereby DISMISSED without prejudice. The clerk is directed to mail a copy of this letter to Plaintiff and CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and shall be docketed as such. A separate implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge